UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

IN RE:

TINA J. BUFF )
)
v. ) NO. 2:05-CV-277
)
MARGARET B. FUGATE )

## MEMORANDUM OPINION

Appellant Tina J. Buff and her husband filed for Chapter 13 bankruptcy relief in November 2004. Ms. Buff's husband died in February 2005, and she converted her bankruptcy case to a Chapter 7 in March 2005. When her husband died, Ms. Buff received $25,000 in life insurance proceeds payable to her as beneficiary of his life insurance. Ms. Buff then filed an amended Schedule C in her bankruptcy case, claiming as exempt the life insurance policy benefits pursuant to T.C.A. § 56-7-201. Appellee Margaret B. Fugate, the trustee in the case, filed an objection to the cited exemption.

On September 9, 2004, Judge Marcia Phillips Parsons of the United States Bankruptcy Court for the Eastern District of Tennessee at Greeneville sustained Ms. Fugate's objection to Ms. Buff's claim of exemption under T.C.A. § 56-7-201. Ms. Buff claimed the statute mandated that life insurance proceeds could be used to pay

down the joint debts of the decedent and the beneficiary. Ms. Fugate argued to the contrary that the statute only applied to the debts of the decedent. The bankruptcy court agreed with Ms. Fugate. On October 24, 2005, Ms. Buff filed a notice of appeal of the bankruptcy court's decision with this court. [Doc. 1]. Presently before this court is Ms. Buff's appeal.

As mentioned above, the task before this court is to interpret T.C.A. § 56-7-201. The text of the statute reads:

> Any life insurance effected by a husband or wife on such person's own life shall, in case of that person's death, inure to the benefit of the surviving spouse and children, and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the decedent; provided, that the proceeds of such insurance payable to a testate estate shall pass, as part of the estate and under the dispositive provisions of the will, as ordinary cash, whether or not the will uses any apt or express words referring to the insurance proceeds, but such proceeds shall not be subject to the debts of the decedent unless specifically charged therewith in the will.

The primary case upon which Ms. Buff relies for support of her position is *In re Kelley*, No. 04-12920 (W.D. Tenn. 2004).[1] The *Kelley* court's conclusion–that joint

---

[1] The facts presented in *In re Kelley* indicate a similarity to the facts of Ms. Buff's case. Billy and Dorothy Kelley filed bankruptcy under Chapter 7 in June 2004. About one week later, Dorothy died. Billy, as beneficiary of his wife's life insurance policy, received $25,000 in life insurance proceeds and attempted to

2

debts of the decedent and beneficiary are covered–, however, is supported by neither case law nor the language of the statute. Both *In re Day*, 176 F. 377 (M.D. Tenn 1909) and *In re Huffines*, 57 B.R. 740 (M.D. Tenn. 1985) reached the conclusion that the statute only applies to debts of the beneficiary. As the bankruptcy court noted, it is likely that the decision in *In re Kelley* was made more with the heart than the mind. The judge writing the decision mentions "[b]eing aware of the circumstances in this case" and being "fully aware of the difficulty Billy Kelley has gone through since losing his wife." In the portion of the opinion in which the judge breaks with precedent and finds T.C.A. § 56-7-201 applicable to joint debts, no case law is cited to support the opinion. And, the judge does not address the conflicts between his opinion and the holdings of *In re Day* and *In re Huffines*.

In addition, the statute plainly states that the life insurance proceeds will pass to the beneficiary "without being in any manner subject to the debts of the decedent." There is simply no mention of the statute also applying to the joint debts of the decedent *and* the beneficiary.

After careful consideration of the entire record of proceedings related to this case and for the reasons stated above, Ms. Buff's appeal is denied, and this action will

---

exempt them under T.C.A. 56-7-201, *inter alia*. The trustee objected to the claim of exemption.

be dismissed.

An appropriate order will follow.

ENTER:

                                        s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                           SENIOR U. S. DISTRICT JUDGE